# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

U.S.A. vs. Shawn Garcia Del Prado　　　　　　　　　　Docket No. 5:11-MJ-1522-1

## Petition for Action on Probation

　　　COMES NOW Debbie W. Starling, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Shawn Garcia Del Prado, who, upon an earlier plea of guilty to Driving While Impaired (Level 4), in violation of 18 U.S.C. § 13, assimilating N.C.G.S. 20-138.1, and Simple Possession of Marijuana, in violation of 21 U.S.C. § 844, was sentenced by the Honorable James E. Gates, U.S. Magistrate Judge, on April 10, 2012, to a 12 month term of probation under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall obtain a substance abuse assessment from an appropriate mental health facility within thirty (30) days from the date of this judgment and complete any prescribed treatment program. The defendant must pay the assessment fee and any added treatment fees that may be charged by the facility.

2. It is further ordered that the defendant shall participate in any other Alcohol/Drug Rehabilitation and Education program as directed by the U.S. Probation Office.

3. The defendant shall surrender his North Carolina driver's license to the Clerk of this Court for mailing to the North Carolina Division of Motor Vehicles and not operate a motor vehicle on the highways of the State of North Carolina except in accordance with the terms and conditions of a limited driving privilege issued by the appropriate North Carolina Judicial Official.

4. The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation office or a prescription from a licensed physician.

5. The defendant shall be confined in the custody of the Bureau of Prisons for a period of 30 days as arranged by the probation office.

Shawn Garcia Del Prado
Docket No. 5:11-MJ-1522-1
Petition For Action
Page 2

6. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

7. The defendant shall abide by all terms and conditions of the Remote Alcohol Monitoring Program, as directed by the probation officer, for a period not to exceed 365 consecutive days. The defendant shall comply with the program procedures and shall pay for all or part of the costs associated with remote alcohol monitoring services based upon his ability to pay as determined by the probation officer.

8. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 365 consecutive days. The defendant is restricted to his residence during the curfew hours. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall pay for all or part of the costs associated with electronic monitoring services based upon his ability to pay as determined by the probation officer.

9. The defendant is to remain in custody until the monitoring equipment is available for installation.

On September 20, and October 22, 2012, the defendant's conditions of probation were modified to include 24 hours and 48 hours of community service as sanctions for driving without being properly licensed on September 13, 2012, and October 3, 2012.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** Since the defendant was placed on probation supervision, he has been subject to Remote Alcohol Monitoring and curfew supported by electronic monitoring. There have been no instances of non-compliance with regard to these conditions, and the defendant has adhered to his twice daily alcohol testing schedule, as well as electronic monitoring schedule. He has completed his substance abuse treatment program and continues to participate in the Surprise Urinalysis Program, and all drug screens have been negative. Aside from the two instances of driving with his license revoked, he has been compliant with all conditions of supervision. Having successfully completed nine months of remote alcohol monitoring and curfew supported by electronic monitoring, it is respectfully recommended that these conditions be stricken from his conditions of probation supervision.

Shawn Garcia Del Prado
Docket No. 5:11-MJ-1522-1
Petition For Action
Page 3

**PRAYING THAT THE COURT WILL ORDER** that probation be modified as follows: That the remote alcohol monitoring and curfew conditions be stricken.

Except as herein modified, the judgment shall remain in full force and effect.

| | |
|---|---|
| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
| /s/ Robert L. Thornton<br>Robert L. Thornton<br>Supervising U.S. Probation Officer | /s/ Debbie W. Starling<br>Debbie W. Starling<br>U.S. Probation Officer<br>310 Dick Street<br>Fayetteville, NC 28301-5730<br>Phone: (910) 483-8613<br>Executed On: January 29, 2013 |

### ORDER OF COURT

Considered and ordered this 29th day of January, 2013, and ordered filed and made a part of the records in the above case.

James E. Gates
United States Magistrate Judge